The will of Jesse Hunt, deceased, was probated on Marqh 5, 1901. An action was brought by some of his heirs, on June 25, 1902, being ease No. 124,042, to contest said instrument, and on April 20, 1903, the action was dismissed for unreasonable delay and neglect in the prosecution of the same. On January 15, 1904, within one year from the date of such dismissal, the present action, for the same purpose, was begun under Section 4991, which permits the commencement of a new action on the same ground if brought within one year after the former action, was disposed of, provided the same failed not on the merits. A' summons issued on the same day that the second suit was brought, and was returned on January 23d “not found.” On February 11, 1904, an alias summons was issued, which was returned February 20th, showing that three of the defendants were served on February 15th of that year, and one was not *578 found. A “second alias” summons was issued for 'this resident defendant on March. 3, 1904, and was returned March 14th, showing service on March 7th. No attempt was made to serve five non-resident defendants until March 15, 1904, when an affidavit was filed for that purpose, giving their places of residence. The publication was started on March 16, 1904, more than sixty days after the petition was filed in the second action. The plaintiff failed to provide the clerk with a copy of the publication, so that it could be mailed, after such first publication, to the residences of the defendants mentioned therein. On May 6, 1904, this service was approved. On May 15th, the resident defendants moved to set aside this service by publication, (1) on the ground that said publication was not commenced within sixty days after the filing of the petition and the issuing of summons; (2) because of the failure to mail copies as required by Section 5045.
The same parties, on June 4, 1904, moved generally, without giving any reason, to set aside the entry approving the publication. On June 4, 1904, another judge of this court found that said publication was not commenced within sixty days after the filing of the petition and the issuing .of summons (the first ground mentioned in said motion), and said service by publication was quashed, set aside and held for naught.
To this entry an exception was noted and no further action taken. The former entry, made May 6, 1904, was not formally set aside. There are two entries, therefore, of record, one of May 5th, approving the publication, and the other June 4th, setting it aside. Without filing a new affidavit, plaintiff proceeded to re-advertise against the five non-resident defendants on June 11, 1904, requiring them to answer August 6, 1904. On June 11th, the day of the first publication, the clerk duly mailed such copies to the five non-resident defendants, and the service was made accordingly. On October 26, 1904, the resident defendants moved to dismiss this action, (1) because the first action was dismissed for unreasonable delay; (2) because the petition in this case was filed more than two years after the probate of the will; (3) because the court, on June 4th, quashed and set aside the service by publication because not commenced within sixty days after the filing of the new petition *579 and the issuing of summons; (4) because the last publication was not based on a new affidavit; (5) because said publication was not commenced within sixty days after the filing of the petition and the issuing of summons.
The plaintiff also filed a motion to approve the last service by publication.
Held: That the first and second grounds of the motion are insufficient, because the first action, No. 124,042 was not disposed of on its merits, but failed for want of prosecution, and the ease at bar was brought within one year after such dismissal, falling directly within the provisions of Section 4991. And this is true even though the petition in the second action was not filed until after the two years prescribed by the statute of limitations for the original institution of a suit to contest a will. Bates v. Railroad Company, 12 O. S., 620; Meisse v. McCoy, 17 O. S., 225; Railway Company v. Bemis, 64 O. S., 26; Burgoyne v. Moore, 12 C. C., 31; Reed v. City of Dayton, 1 Dayton, 104.
The third and fifth grounds are not well taben, as will appear. They embody practically the same point, namely that publication was not commenced within sixty days after the filing of the second petition and the issuing of the summons. It can not be denied that neither the first publication (which was set aside at a later period) nor the second was commenced within sixty days after the filing of the petition amd the first summons issued. There is no such requirement in the law. Section 4988 provides that an attempt to serve must be followed by service within sixty days. Had no service been made upon any of,the co-defendants within sixty days, this section would, in all probability, have applied. Section 4987 holds that the action shall be deemed commenced as to each defendant at the date of the summons which is served upon him; or if it is an action against several united interests, it shall be deemed commenced at the date of the summons served upon a co-defendant so united in interest; and that when service by publication is proper, the action shall be deemed commenced at the date of the first publication.
In the case at bar three of the resident defendants were served on Februray 15th — which is thirty days after the second *580 petition was filed, twenty-three days after the first summons issued, and four days after the date of the summons Avhich was served upon the defendants. If the defendants’ contention were correct, that it required a service within sixty days after the filing of the petition and the issuing of summons, this would have been a compliance. This is not the proper construction of the statutes applicable to this case. Section 5859 requires that all devisees, legatees, heirs and other interested persons, including the executor or administrator, shall be made parties to the action. In Chump v. Nelson, 35 O. S., 638, legatees are held to be indispensable parties. In Bradford v. Andrews, 20 O. S., 208, a will case, the Supreme Court held that the interests of those defending a will are joint and inseparable, and that if the action is properly commenced as to one it is saved as to all who are ultimately made parties defendant, notwithstanding the fact that some of them are not brought in until after the period of limitation had expired. And it was held in that ease that the plaintiff can not dismiss the petition and defeat the contest where either of the defendants joined in the prayer of the petition, because it is a joint contest brought for the benefit of all.
The proceeding at bar, therefore, fell plainly within the letter and spirit of that part of Section 4987, which determines the action to be commenced agáinst all defendants when one co-defendant united in interest is properly served. If this were not true many actions to contest wills would fail. The plaintiff, though diligently attempting to obtain service within the statute, could be' defeated by continuous removals or concealments, if his chase for service led him beyond the prescribed period, to-wit, sixty days, before he actually obtained proper service, either within the state or by publication, against all of the defendants, as he is required to do before the action can. be tried. It is unnecessary to determine what is a reasonable time within which a plaintiff could attempt to obtain service upon all defendants, or what is unreasonable neglect within the purview of Section 5313, to justify the court in dismissing the petition or the action for want of proper prosecution. No such situation is here presented. Whatever may be said of the first action, it appears that in the second, 'service upon all the defendants was had on *581 June 11th, or within seven days after the court set aside the last publication, and this can not, under the circumstances, be considered an unreasonable length of time. It is claimed that the action of the prior judge in setting aside the first publication was res adjudicata. The first entry approving the publication was never set aside. And if it was by implication, then there was a decision setting aside the publication on the ground that there was no publication within sixty days after the filing of the petition and the issuing of the summons; but there was no decision at anv time that there was no service upon the nonresident defendants within sixty days of the date of the summons served upon them, or that there was no service by publication upon the co-defendants united in interest within the time prescribed by law. The action which the court evidently intended to take and which it should have taken was that the first publication as to the five non-resident defendants was irregular and informal, because it was not mailed as the statute requires. In Bradford v. Andrews, supra, page 220, the Supreme Court said:
‘ ‘ The preference will be given to a right to pursue the action, rather than to the right of limitation.”
The action having been commenced by personal service upon three of the defendants within the stated time, and the interest of the co-defendants being joint, the action is saved as to all. Both publications were made within the time prescribed by law.
The fourth ground stated in defendants’ motion is that there was no second affidavit filed upon which a subsequent publication can be based. This requires but a moment’s consideration for determination. The first affidavit formed the basis of any publication which might be had thereafter. If the publication founded upon the affidavit failed, the affidavit nevertheless stood. This affidavit was never set aside or held for naught, nor was any action taken by the court affecting it in any way. Its vital force still remained. It is not essential that the plaintiff file another affidavit, unless new facts develop to form the basis of a different publication. Only one affidavit was therefore necessary. This, objection is also overruled.
A. J. Cunningham, for the motion to dismiss.
Stanley Strauble and E. T. Brown contra.
The motion to dismiss is not well taken upon any of the grounds mentioned, and the same will be overruled.
The motion for the plaintiff to approve the last publication will be granted. Entry accordingly.